IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-785 T
(Judge Emily C. Hewitt)

(into which has been consolidated: No. 05-786 T, No. 05-787 T, No. 05-788 T, No. 05-789 T, No. 05-790 T, No. 05-791 T, No. 05-792 T)

FFRE HOLDINGS, LLC, by and through Larry D. Russell and Janet M. Russell, as Trustees for the Larry D. Russell and Janet M. Russell Living Trust, a Partner Other Than the Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

ANSWER

COMES NOW the defendant, the United States of America, and in answer to the complaints in these consolidated cases filed on July 27, 2005, respectfully denies each and every allegation contained in the complaints identified below that is not expressly admitted below.

Docket No. 05-785 T

With respect to Docket No. 05-785 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth eight (8) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to “gross valuation misstatement” as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiffs are Larry D. Russell and Janet M. Russell, trustees, not the partnership FFRE Holdings, LLC; denies that an Exhibit A was attached to the complaint as filed; and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegation that a copy of the referenced FPAA was issued to the alleged partnership, FFRE Holdings, LLC.

4. Denies that FFRE Holdings, LLC is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Holdings, LLC is the plaintiff and denies the remaining allegations in the first sentence of paragraph 5; states that its attorneys currently lack knowledge or

information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. Denies that FFRE Holdings, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 regarding an alleged deposit and states further that the remaining allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (o).

12. With respect to the allegations in paragraph 12 of the complaint, the defendant:

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

Docket No. 05-786 T

With respect to Docket No. 05-786 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth six (6) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to "gross valuation misstatement" as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiffs are Larry D. Russell and Janet M.

Russell, trustees, not the partnership FFRE Holdings, LLC; denies that an Exhibit A was attached to the complaint as filed; and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegation that a copy of the referenced FPAA was issued to the alleged partnership, FFRE Holdings, LLC.

4. Denies that FFRE Holdings, LLC is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Holdings, LLC is the plaintiff and denies the remaining allegations in the first sentence of paragraph 5; states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. Denies that FFRE Holdings, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 regarding an alleged deposit and states further that the remaining allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (j).

12. With respect to the allegations in paragraph 12 of the complaint:

    (a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

    (b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

    (c) Denies the allegations in paragraph 12(c).

    (d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

<u>Docket No. 05-787 T</u>

With respect to Docket No. 05-787 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth eight (8) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to "gross valuation misstatement" as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and

regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Admits the allegations in the first sentence of paragraph 3; states that the plaintiffs are Larry D. Russell and Janet M. Russell, trustees, not the partnership FFRE Holdings, LLC; denies that an Exhibit A was attached to the complaint as filed; and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegation that a copy of the referenced FPAA was issued to the alleged partnership, FFRE Holdings, LLC.

4. Denies that FFRE Holdings, LLC is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Holdings, LLC is the plaintiff and denies the remaining allegations in the first sentence of paragraph 5; states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. Denies that FFRE Holdings, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10 regarding an alleged deposit and states further that the remaining allegations in paragraph 10 constitute legal argument to which no response is required.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through o).

12. With respect to the allegations in paragraph 12 of the complaint:

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

Docket No. 05-788 T

With respect to Docket No. 05-788 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth twelve (12) adjustments and determined that a 40% penalty on the

portion of any underpayment attributable to “gross valuation misstatement” as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Denies that an Exhibit A was attached to the complaint as filed and admits the remaining allegations in paragraph 3.

4. Denies that FFRE Acquisitions, LLC is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Acquisitions, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that FFRE Holdings, LLC is the proper plaintiff here and admits the remaining allegations in paragraph

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (t).

12. With respect to the allegations in paragraph 12 of the complaint:

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a

belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

Docket No. 05-789 T

With respect to Docket No. 05-789 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth seven (7) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to “gross valuation misstatement” as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Denies that an Exhibit A was attached to the complaint as filed and admits the remaining allegations in paragraph 3.

4. Denies that FFRE Acquisitions, LLC is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Acquisitions, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that FFRE Holdings, LLC is the proper plaintiff here and admits the remaining allegations in paragraph

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (l).

12. With respect to the allegations in paragraph 12 of the complaint:

(a) States further that its attorneys currently lack knowledge or information sufficient to form a

belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

Docket No. 05-790 T

With respect to Docket No. 05-790 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth nine (9) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to "gross valuation misstatement" as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Denies that an Exhibit A was attached to the complaint as filed and admits the remaining allegations in paragraph 3.

4. Denies that FFRE Management, LLC is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Management, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that FFRE Holdings, LLC is the proper plaintiff here and admits the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (u).

12. With respect to the allegations in paragraph 12 of the complaint:

    (a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

    (b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

    (c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

(i) Denies the allegations in paragraph 12(i).

Docket No. 05-791 T

With respect to Docket No. 05-791 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth nine (9) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to "gross valuation misstatement" as provided by Internal Revenue Code

§§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Denies that an Exhibit A was attached to the complaint as filed and admits the remaining allegations in paragraph 3.

4. Denies that FFRE Management, LLC is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Management, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that FFRE Holdings, LLC is the proper plaintiff here and admits the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (w).

12. With respect to the allegations in paragraph 12 of the complaint:

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

(i) Denies the allegations in paragraph 12(i).

Docket No. 05-792 T

With respect to Docket No. 05-792 T, the United States further:

1. Denies the allegations in paragraph 1 that there were any erroneous findings in the FPAA issued on April 14, 2005, and admits the remaining allegations in paragraph 1.

2. States that the FPAA dated April 14, 2005, set forth seven (7) adjustments and determined that a 40% penalty on the portion of any underpayment attributable to "gross valuation misstatement" as provided by Internal Revenue Code §§ 6662(a), 6662(b)(3), 6662(e) and 6662(h), or, in the alternative, that a penalty applies pursuant to Internal Revenue Code § 6662 to all partnership adjustments on the grounds of (1) negligence or disregard of the rules and regulations, (2) substantial understatement of income tax, and (3) substantial valuation misstatement.

3. Admits the allegations in the first sentence of paragrah 3, denies that an Exhibit A was attached to the complaint as filed and states that its attorneys currently lack knowledge or

information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 3.

4. Denies that FFRE Management, LLC, is the plaintiff and denies the remaining allegations in paragraph 4.

5. Denies that FFRE Management, LLC is the plaintiff and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 5.

6. States that Larry D. Russell and Janet M. Russell, trustees, are the proper plaintiffs here and states that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the remaining allegations in paragraph 6.

7. States that the allegations in paragraph 7 constitute legal argument to which no response is required.

8. States that the defendant is the United States of America.

9. Admits that if jurisdiction exists, it arises under 28 U.S.C. § 1508 and 26 U.S.C. § 6226 (a) and (b).

10. States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 10.

11. Denies each and every allegation of error set forth in paragraph 11, subsections (a) through (l).

12. With respect to the allegations in paragraph 12 of the complaint:

(a) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(a).

(b) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(b) regarding an election and denies the remaining allegations in paragraph 12(b).

(c) Denies the allegations in paragraph 12(c).

(d) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(d).

(e) Denies the allegations in paragraph 12(e).

(f) States further that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(f).

(g) States that its attorneys currently lack knowledge or information sufficient to form a belief regarding the truth of the allegations in paragraph 12(g).

(h) Denies the allegations in paragraph 12(h).

(i) Denies the allegations in paragraph 12(I).

WHEREFORE, the defendant prays that the Court sustain the determinations made by the Internal Revenue Service, that costs be taxed against the plaintiffs, and that the Court award the United States of America such other and further relief as the Court deems appropriate, including costs.

Respectfully submitted,

s/Robert J. Higgins
ROBERT J. HIGGINS
Attorney of Record
U.S. Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Washington, D.C. 20044
(202) 307-6580

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims Section

s/David Gustafson
Of Counsel

December 14, 2005